**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| TODD JOHNSON, | : | CIVIL ACTION NO:  2:22-cv-_____ |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | JUDGE: |
| | : | |
| STATE FARM FIRE AND CASUALTY | : | |
| COMPANY, | : | MAGISTRATE JUDGE: |
| *Defendant.* | : | |

---

**NOTICE OF REMOVAL**

---

NOW INTO COURT, through undersigned counsel, come Defendant, **State Farm Fire and Casualty Company** ("State Farm"), who, pursuant to *28 U.S.C. § 1441 and 1446*, and with full reservation of rights, respectfully submit this Notice of Removal to the United States District Court for the Western District of Louisiana, Lake Charles Division, and aver that the captioned matter is being removed to this Court for the reasons set forth below:

1.

On or about **August 11, 2022**, Plaintiff, **Todd Johnson**, filed the instant civil action in the 14th Judicial District Court, Calcasieu Parish, State of Louisiana, styled *"Todd Johnson vs. State Farm Fire and Casualty Insurance Company,"* Docket No. 2022-3637.

2.

On **October 3, 2022**, Defendant, State Farm, was served with Plaintiffs' Responses to Requests for Admissions. The responses contained an admission pursuant to *La. Code of Civ. Proc. art. 893(A)(1)*, that the amount in controversy is greater than $75,000.00 exclusive of interest and costs.  The instant Notice of Removal was filed within thirty (30) days following receipt by

1

Defendant, State Farm, through service of the referenced responses to written discovery. These responses constituted "other paper" pursuant to *28 U.S.C. § 1446(b)(2)(C)(3).  (See Exhibit A.)*

3.

The following is a list of the parties involved in the case with a listing of their attorneys:

**Todd Johnson**
Represented by:
**PAUL J. COX**
Cox, Cox, Filo, Camel & Wilson, LLC
723 Broad Street
Lake Charles, LA  70601
Phone:  (337) 436-6611
Fax:      (337) 436-9541
Email:  paul@coxatty.com

**State Farm Fire and Casualty Company**
Represented by:
**CHRISTOPHER P. IEYOUB**
**V. ED MCGUIRE, III**
**CHRISTOPHER J. RINN**
Plauché, Smith & Nieset, L.L.C.
718 Ryan Street
P.O. Drawer 1705
Lake Charles, LA  70602
Phone:  (337) 436-0522
Fax:  (337) 436-9637
Email: cieyoub@psnlaw.com
          emcguire@psnlaw.com
          crinn@psnlaw.com

4.

Pursuant to *28 U.S.C. § 1446(b)*, this Notice of Removal, filed within thirty (30) days of notice that the action is susceptible to federal jurisdiction, is timely.

5.

Pursuant to *28 U.S.C. § 1446(b)* and *28 U.S.C. § 1332(a)(1)*, there is complete diversity of citizenship between the properly joined parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, if any.

2

6.

At the time of the filing of Plaintiff's *Petition for Damages*, Plaintiff was domiciled in Calcasieu Parish, Louisiana, and thus is a citizens of the State of Louisiana for purposes of *28 U.S.C. § 1332*.

7.

At the time of the filing of the *Petition for Damages*, and at all times relevant to these proceedings, Defendant, State Farm, was, and remains, an Illinois Corporation, with its principal place of business in Bloomington, Illinois, and is thus a citizen of the State of Illinois for purposes of *28 U.S.C. § 1332*.  Accordingly, complete diversity exists between Plaintiffs and Defendant, State Farm.

8.

Pursuant to *28 U.S.C. § 1446*, a defendant generally has only thirty (30) days from receipt of the initial pleading to remove a matter to federal court.  It is conceded that this matter was removed more than thirty (30) days after Defendant's receipt of the initial pleading.  However, *28 U.S.C. § 1446* contains an exception for matters that are not removable as initially filed.  Pursuant to *28 U.S.C. § 1446*, a suit is removable "within thirty days after receipt by defendant ... of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable...." [emphasis added].  The US District Court, Western District of Louisiana, has held that discovery responses constitute "other paper" for the purposes of *28 U.S.C. §* 1446.  In this matter, Plaintiffs' discovery responses dated **October 3, 2022,** constituted an "other paper".

9.

Since complete diversity of citizenship exists between Plaintiff and Defendant, and since it is apparent that the amount in controversy can be expected with reasonable certainty under Louisiana law to exceed $75,000.00, this Honorable Court has jurisdiction over the subject matter of the claim filed by Plaintiff, **Todd Johnson**, pursuant to *28 U.S.C. § 1332*.  Accordingly, the action is properly removed to this Court pursuant to the provisions of *28 U.S.C. § 1441*.

10.

Written notice of the filing of this Notice of Removal and of the Removal of the above action is being delivered to Plaintiff through his counsel of record.  A copy of this Notice of Removal will be filed promptly with the Clerk of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

* * * * *

WHEREFORE, Defendant, **State Farm Fire and Casualty Company**, prays that:

1.    This Notice of Removal be deemed good and sufficient; and

2.    The referenced *Petition for Damages* be removed from the 14th Judicial District Court, Calcasieu Parish, Louisiana, to this Honorable Court for further proceedings.

THEREAFTER, Defendant prays that this action proceeds as if the litigation had been commenced originally in this Court.

4

Respectfully submitted:

**PLAUCHÉ, SMITH & NIESET, L.L.C.**

By:  */s/ Christopher J. Rinn*
   **CHRISTOPHER P. IEYOUB (#16978)**
   **V. ED MCGUIRE, III (#23861)**
   **CHRISTOPHER J. RINN (#38387)**
   718 Ryan Street
   P.O. Drawer 1705
   Lake Charles, LA  70602
   Phone:  (337) 436-0522
   Fax: (337) 436-9637
   cieyoub@psnlaw.com
   emcguire@psnlaw.com
   crinn@psnlaw.com
   **Attorneys for Defendant,**
   **STATE FARM FIRE and CASUALTY**
   **COMPANY**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of October, 2022, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court through the CM/ECF system.  Notice of this filing will be sent to counsel of record by electronic mail, facsimile and/or U.S. First Class Mail, and by operation of the court's electronic filing system.

    */s/ Christopher J. Rinn*
    CHRISTOPHER J. RINN